No. 41,848

A. W. Brewer, *Appellant,* v. Tracy A. Hand, Warden, Kansas State Penitentiary, *Appellee.*

(353 P. 2d 518)

Opinion filed July 2, 1960.

A. W. *Brewer,* Appellant, *pro se.*

J. *Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, and *A. K. Stavely,* Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order of the district court of Leavenworth County denying petitioner a writ of habeas corpus. The facts required for a proper understanding of the appellate issues presented will be stated briefly.

On September 9, 1955, following preliminary proceedings, not here in question, A. W. Brewer, who was represented by counsel, appeared before the district court of Seward County and entered a plea of guilty, as charged in the information, to commission of the felonious crime of having issued a worthless check in an amount of more than Twenty Dollars in violation of G. S. 1949, 21-554. Sentence was deferred upon his plea of guilty until October 10, 1955. On that date the court sentenced him to the Kansas State Penitentiary for a term, of not less than one nor more than five years, as provided by G. S. 1949, 21-555. On the next day, October 11, 1955, the court suspended execution of the sentence and paroled him. Thereafter, and on June 12, 1959, petitioner, who had never been discharged from his parole, was brought before the district court where, after a hearing at which time he was represented by counsel, his parole was revoked and he was committed to the penitentiary to serve the sentence theretofore imposed against him.

Following his incarceration in the penitentiary petitioner commenced the proceeding giving rise to this appeal by filing a petition

in the district court at Leavenworth County, charging that he was being illegally restrained of his liberty under a void commitment. In his answer respondent denied all allegations of the petition relating to the invalidity of the commitment. Thereupon, after a hearing at which both parties adduced evidence, the court determined all issues joined by the pleadings in favor of respondent and denied the writ. This appeal followed.

The essence of all claims advanced by appellant in the court below and on appeal is that the parole above mentioned was granted under G. S. 1949, 62-2202; that under the terms of that statute such parole terminated as a matter of law two years after the date it was granted; and that, since he was not on parole in June, 1959, when the court revoked the parole in question and committed him to the penitentiary, he is now confined in that institution under a void commitment.

The fallacy in all claims made by appellant respecting the unlawfulness of his present restraint rests in the fact he assumes the parole granted by the district court of Seward County was issued under the authority of G. S. 1949, 62-2202, authorizing paroles from penalties imposed in criminal cases for misdemeanors, whereas the record discloses such parole was granted by that court under the then applicable provisions of G. S. 1949, 62-2203, giving district courts power and authority to suspend the execution of sentences and parole defendants in felony cases.

Resort to 62-2203, *supra,* makes it appear that, under its provisions, the district court of Seward County had authority to suspend execution of the sentence it had imposed against appellant and place him on parole for such period and upon such terms and conditions as it deemed best, and permit him to go and remain at large until that parole was terminated, subject only to the condition that the period of parole, together with any extension thereof, should not exceed five years. In this connection it should be noted that the district court revoked appellant's parole and committed him to the penitentiary within the five-year period. And pointed out that, prior to that time, he had been at liberty under a suspended felony sentence by virtue of an order of parole the terms of which, both in fact and in law, had not been suspended and were in full force and effect.

Nothing would be gained by prolonging this opinion. It suffices to say the record affirmatively refutes all claims made by appellant

respecting the status of his parole at the time it was revoked and fails to establish the over-all claim of error that he is now confined in the penitentiary under a void commitment. It follows the trial court did not err in denying the writ.

The judgment is affirmed.