No. 42,637

ROBERT L. DeMOE, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee.*

(368 P. 2d 54)

Opinion filed January 20, 1962.

*Robert L. DeMoe,* Appellant, *pro se.*

*Park McGee,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order of the district court of Leavenworth County denying petitioner a writ of habeas corpus. The facts required for a proper understanding of the questions presented will be stated briefly.

On March 15, 1957, petitioner was confined in the Sedgwick County jail, charged with burglary and larceny. Upon giving an appearance bond he was released to the custody of McPherson County authorities in accord with the provisions of a detainer warrant. April 1, 1957, the county attorney of McPherson County filed an information in the district court of that county charging petitioner with the crime of unlawfully and feloniously breaking and entering, in the nighttime, the Galva Cash Market, Galva, Kansas, on

January 27, 1957. Petitioner, who was represented by counsel, pleaded guilty to this offense and was sentenced to the Kansas State Penitentiary to be confined not less than five years nor more than ten years. On the same day, upon recommendation of the county attorney, this sentence was suspended and petitioner was paroled to the undersheriff of McPherson County for a period of two years.

Subsequently petitioner returned to Sedgwick County to stand trial on the charges pending against him in that county and, on April 8, 1957, he was found guilty and sentenced by the district court of that county to the Kansas State Industrial Reformatory at Hutchinson for a term of five to ten years. Petitioner was also paroled from this sentence but later, and on June 24, 1957, the district court of Sedgwick County revoked such parole and directed that he be committed to the reformatory to serve the sentence theretofore imposed against him.

While serving time at the reformatory petitioner was brought back to McPherson County for a parole violation hearing on June 13, 1958. At this hearing the district court of McPherson County revoked the parole theretofore granted petitioner and directed that he be confined in the Kansas State Penitentiary under its judgment and sentence of April 1, 1957. Thereafter petitioner was taken to the state pentitentiary where, on the date of the institution of this proceeding, he was, and is now, confined under and by authority of the foregoing orders and judgment of the district court of McPherson County.

The pleadings in the court below are not in controversy but should be mentioned. In his petition the petitioner charged he was being illegally restrained in the penitentiary without any authority whatsoever under due process of law. By way of answer the respondent denied all charges of that character and alleged that he was holding petitioner under a valid judgment and sentence. Following joinder of issues as indicated, and a full and complete hearing at which both parties adduced evidence, the district court of Leavenworth County resolved all issues in favor of the respondent and denied the writ.

In approaching petitioner's position on appeal it is well to keep in mind that under the facts as here stated he was paroled by the district court of McPherson County, and accepted the terms of such parole, under the provisions of G. S. 1949, 62-2203 and 62-2204, providing in substance that, once it was granted, this parole could

be revoked by the district court at any time during its term, where-upon he could be transported to the penitentiary in the same man-ner as if no parole had been granted; and the time he had been at large upon such parole should not be counted as a part of the term of his sentence, but the time of his sentence must count from the date of his delivery to the warden of that institution.

The general power and authority possessed by district courts, in connection with paroles granted in felony cases, under the pro-visions of the sections of the statutes just cited, was determined by this court in *Brewer v. Hand,* 187 Kan. 52, 353 P. 2d 518, where it is said:

"Resort to 62-2203, *supra,* makes it appear that, under its provisions, the district court of Seward County had authority to suspend execution of the sentence it had imposed againt appellant and place him on parole for such period a..d upon such terms and conditions as it deemed best, and permit him to go and remain at large until that parole was terminated, subject only to the condition that the period of parole, together with any extension thereof, should not exceed five years. In this connection it should be noted that the district court revoked appellant's parole and committed him to the penitentiary within the five-year period. And pointed out that, prior to that time, he had been at liberty under a suspended felony sentence by virtue of an order of parole the terms of which, both in fact and in law, had not been suspended and were in full force and effect." (p. 53.)

Petitioner does not question the power and authority granted the district courts in felony cases under the mentioned statutory pro-visions. Instead his claims, as we have been able to glean them from a confusing and unsatisfactory record, are: First, that the dis-trict court of McPherson County lost all jurisdiction of him when, subsequent to the granting of such parole, the district court of Sedg-wick County sentenced him for the Sedgwick County crime and thereafter granted him a parole and then revoked that parole; and second, that revocation of his Sedgwick County parole effected a revocation of the McPherson County parole with the result that from and after the date on which his Sedgwick County parole was revoked he began to serve time on his McPherson County sentence concurrently with the reinstatement of his Sedgwick County sen-tence.

In support of his first claim petitioner relies on G. S. 1959 Supp., 62-2242, which, so far as here pertinent, reads:

"Whenever a defendant on probation or under suspended sentence is per-mitted to go from one court district in which he is being supervised to another court district, jurisdiction over him may be transferred, in the discretion of

the court, from the court for the district from which he goes to the court for the other district having jurisdiction over the offense of which the defendant was convicted, with the concurrence of the latter court. . . ."

The trouble with all arguments advanced by petitioner to the effect this section of our statute sustains his position on this claim is that the facts of record do not bring him within the purview of its terms. There is nothing in the record to warrant or permit a conclusion that, after granting him a parole, the district court of McPherson County ever transferred its jurisdiction over petitioner to the district court of Sedgwick County. Hence it cannot be successfully argued the provisions of 62-2242, *supra*, sustain petitioner's position on the point now under consideration.

Petitioner directs our attention to G. S. 1959 Supp., 62-2251, providing

"Any prisoner who commits a crime while at large on parole or conditional release and is convicted and sentenced therefor shall serve such sentence concurrently with the term under which he was released, unless otherwise ordered by the court in sentencing for the new offense."

and insists that its provisions require the sustaining of his second claim that after the date of the revocation of his Sedgwick County parole and the reinstatement of the sentence imposed he began to serve time on his McPherson County sentence concurrently with the Sedgwick County sentence. We do not agree. The provisions of the statute just quoted have application to *a prisoner who commits a new crime* while at large on parole or conditional release and is convicted and sentenced therefor. Here again, the facts of record fail to bring petitioner within the scope of the statute on which he relies. He did not commit the Sedgwick County crime while at large on parole or conditional release. Indeed, under the undisputed facts of record, that crime was not new but was committed prior to the effective dates of the McPherson County sentence and parole. Under such circumstances it is so clear the provisions of 62-2251, *supra*, do not sustain petitioner's position on his second claim that it borders on the ridiculous to give time and space to many of the arguments advanced by him with respect thereto.

Nothing would be gained by prolonging this opinion. It suffices to say that after careful consideration of all claims and contentions made by the petitioner we find nothing in the record which warrants or permits this court to reverse or set aside the order and judgment of the district court of Leavenworth County holding that peti-

tioner is now legally confined in the state penitentiary under a valid judgment and sentence. Therefore the action of that tribunal in denying his application for a writ of habeas corpus must be affirmed.

It is so ordered.